UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

DECLAN MAGUIRE,

       Plaintiff,

v.                                                                    Case No.: 2:10-cv-782-FtM-3DNF

PAUL DEMOS, an individual,
ANDREA GRANT, an individual, and
AMERICAN CLEANING AND
HOME WATCH, a Florida business,

       Defendants.
_____/

PAUL DEMOS,

       Third-Party Plaintiff,

v.

OUTDOOR CONCEPTS, INC.,
a foreign corporation,
PINNACLE HOME BUILDERS, INC.,
a Florida corporation, and
BILL SMITH, INC. d/b/a BILL SMITH
APPLIANCES & ELECTRONICS,
a Florida corporation,

       Third-Party Defendants.
_____/

## **ORDER**

      The Court now considers the motion to dismiss filed by Third-Party Defendant, Bill

Smith, Inc. d/b/a Bill Smith Appliances & Electronics ("Bill Smith") (Doc. No. 25), and Third-

Party Plaintiff Paul Demos' ("Demos") response in opposition (Doc. No. 27). For the reasons

stated below, the motion is granted, and Count II of the Third-Party Complaint is dismissed

without prejudice.

## I.  Background

On December 27, 2010, Plaintiff Declan Maguire filed a negligence action against

Demos, Andrea Grant, and American Cleaning and Home Watch, alleging injuries in the form of

first and second degree burns as a result of his attempt to ignite a barbeque grill.  (Doc. No. 1).

Demos filed an unopposed motion for leave to file a third-party complaint against Bill Smith as

well as Outdoor Concepts, Inc., and Pinnacle Home Builders, Inc., on May 2, 2011.  (Doc. No.

19).  The Court granted the motion, and Demos filed his Third-Party Complaint on May 3, 2011.

(Doc. Nos. 20, 23).  Count II of the Third-Party Complaint is the only count that alleges a cause

of action against Bill Smith.  (Doc. No. 23).  In response to the Third-Party Complaint, Bill

Smith filed the instant motion to dismiss.  (Doc. No. 25).

## II.  Standard of Review

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 545 (2007) (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957)).  Although Rule 8 does

not require a claimant to set out in detail the facts upon which he bases his claim, "it demands

more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal,

556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true,

to state a plausible claim for relief.  Id.  If the facts pled in the complaint "do not permit the court

to infer more than the mere possibility of misconduct," the complaint stops short of showing that

the plaintiff is entitled to relief.  Id. at 1950.  Furthermore, while a court must assume that all of

the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions.  Id. at 1949–50.  The door to discovery will not open for a plaintiff "armed with nothing more than conclusions."  Id. at 1950.  However, regardless of the factual allegations, a court "may dismiss a complaint on a dispositive issue of law."  Acosta v. Campbell, 309 F. App'x 315, 318 (11th Cir. 2009) (per curiam).  Dismissal is proper when "no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## III.  Discussion

Bill Smith argues that the Court should dismiss Count II of Demos' Third-Party Complaint as it relates to contribution because Florida Statute § 768.81(3) has rendered Demos' contribution claim obsolete.  (Doc. No. 25).  As to indemnity, Bill Smith argues that Count II fails to allege facts demonstrating: (1) that Demos is without fault; (2) how or why Demos' liability was only technical, secondary, and passive because of the alleged negligence of Bill Smith; or (3) how or why Bill Smith was negligent.  (Doc. No. 25).

In response, Demos argues that while Florida law may have eliminated the need to bring certain claims between tortfeasors, this case is not one in which the need to bring a claim for contribution has been eliminated.   (Doc. No. 27).  Demos also contends that, based upon the relationship between the parties, his claims under Count II are proper.  (Doc. No. 27).

### A.  Negligence and Common Law Contribution

Florida Statute § 768.31(2)(a) provides that "when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered

against all or any of them." With respect to negligence actions specifically, however, Florida's comparative fault statute states that "[i]n a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of joint and several liability." Fla. Stat. § 768.81(3) (2011). "In order to allocate any fault to a nonparty, a defendant must affirmatively plead this fault and prove it at trial 'by a preponderance of the evidence.'" T & S Enters. Handicap Accessibility, Inc. v. Wink Indus. Maint. & Repair, Inc., 11 So. 3d 411, 412 (Fla. 2d DCA 2009) (quoting Fla. Stat. § 768.81(3)(a), (b)). The current version of § 768.81 has essentially rendered a third-party complaint for contribution in a negligence action obsolete. See id. at 413; Zazula v. Kimpton Hotels and Restaurants, LLC, No. 10-21381, 2011 WL 1657872, at *2 (S.D. Fla. May 2, 2011).

In Count II of his Third-Party Complaint, Demos asserts that he is entitled to contribution from Bill Smith because Bill Smith was actually the negligent party. (Doc. No. 23). The applicable Florida law, however, has rendered such third-party claims for contribution procedurally improper. Therefore, to the extent that Count II asserts a claim for contribution against Bill Smith, it fails as a matter of law.

### B. Common Law Indemnity

In Florida, a plaintiff must prove three elements to prevail on a claim for common law indemnification:

> First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault. Additionally, Florida courts have required a special relationship between the parties in order for common law indemnification to exist.

Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999) (citations

omitted).

While Demos alleges both that he is without fault and that he is only technically, secondarily, and passively liable for the direct negligence of Bill Smith (Doc. No. 23), these allegations simply recite the elements necessary to prevail on a claim for common law contribution, and the Court need not accept such legal allegations as true.  See Twombly, 550 U.S. at 555 (stating that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (alteration omitted).

Apart from these legal conclusions, Demos alleges only that the grill in question was purchased from Bill Smith.  Demos fails to allege any facts that would tend to show a special relationship with Bill Smith, and he similarly fails to allege any facts demonstrating that he is without fault or that Bill Smith was negligent.  (Doc. No. 23).  Accordingly, the motion to dismiss is granted as to Count II as it relates to indemnity.

## IV.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Third-Party Defendant Bill Smith's Motion to Dismiss (Doc. No. 25) is **GRANTED**, and Count II of Demos' Third-Party Complaint is **DISMISSED WITHOUT PREJUDICE.**  If Demos intends to refile with respect to his indemnification claim, he is directed to do so on or before March 26, 2012.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of March, 2012.

Copies to:
Counsel of Record

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge